UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

    Plaintiff,

v.               Case No. 14-CR-20015
                Honorable Denise Page Hood

ANTHONY LOGAN,

    Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR BOND [#10] AND SETTING CONDITIONS OF RELEASE

On January 14, 2014, Defendant Anthony Logan was indicted on one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1).  On January 21, 2014, Defendant entered a not guilty plea and an order of detention pending trial was signed by Judge Laurie Michelson.  Now before the Court is Defendant's Motion for Bond. **[Docket No. 10, filed May 22, 2014]** The Government did not file a reply to this Motion.  For the reasons discussed below, Defendant's motion is **GRANTED**.

I.  MOTION FOR BOND

On May 22, 2014, Defendant filed a Motion for Bond. **[Docket No. 10]**  In this Motion, Defendant moves this Court, pursuant to 18 U.S.C. § 3145(b), for an

Order of Release pending sentencing. Defendant states that he was scheduled to enter a guilty plea, which was in fact entered on May 23, 2014. **[Docket No. 11]** Defendant asserts that on January 21, 2014, he consented, without prejudice, to federal detention based upon a State of Michigan probation violation and that because he has completed the term of state imprisonment, he is now eligible for release pending resolution of this matter.

The Court held a hearing on the instant Motion on June 9, 2014. At that time, Defendant advised the Court that if granted release on bond, he would live with his girlfriend who is responsible, employed, and has agreed to serve as his third party custodian. Defense counsel assured the Court that Defendant's girlfriend agreed to notify pretrial services of any violations of Defendant's release and Defendant agreed to wear a tethered monitoring system. Defendant contends that with an electronic tethering system, there are "no concerns of risk of flight or danger to the community."

18 U.S.C. § 3145(b) allows the district judge to review an order detaining a defendant. Typically, the Court reviews the appeal of a detention order *de novo*. *United States v. Leon*, 766 F.2d 77 (2d Cir. 1985); *see also United States v. Montgomery*, No. 09-20101, 2010 WL 1052339 (E.D. Mich. Mar. 19, 2010). Under the Bail Reform Act, the district court must order detention if, after a hearing, it concludes "that no condition or combination of conditions will

reasonably assure the appearance of the person as required and the safety of any other person and the community . . . ." 18 U.S.C. § 3142(e).  The Government has the ultimate burden of proof by clear and convincing evidence that the defendant presents a danger to the community and that no condition or combination of conditions could reasonably assure the safety of the defendant or of other persons and the community.  *United States* v. *Hazime*, 762 F.2d 34, 37 (6th Cir. 1985).

A detention determination may be revisited if "the judicial officer finds that information exists that was not known to the movant at the time of the [initial proceeding] that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. 3142(f)(2)(B).  The new information must be of a nature that would increase the likelihood that the defendant will appear at trial, or in this case, at the sentencing hearing, and would show that the defendant is less likely to pose a danger to the community.  *United States v. Watson*, 475 Fed. App'x 598, 600 (6th Cir. 2012).  In this case, Defendant Logan has presented information in his motion for bond that this case will not proceed to trial as Defendant has signed a plea agreement with the Government.

As stated above, the Government has the burden of showing that the Defendant presents a danger to the community and that no condition or combination of conditions could reasonably assure the safety of the Defendant or

of other persons and the community. At the hearing, the Government verbally opposed the Court granting Defendant's Motion. The Government argued that no condition or set of conditions would sufficiently guarantee Defendant's attendance at sentencing or the safety of others. The Government contended that the Defendant has various weapons and drug offenses, outstanding warrants, a history of violent crime, and that the Defendant has not fully complied with the Court in the past.

The district court must make findings as to bond or detention based on the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger posed by the person's release. 18 U.S.C. § 3142(g).

(1) As to the nature and circumstances of the offense charged–Felon in Possession with a maximum term of 10 years imprisonment, a fine of up to $250,000, and up to three years of supervised release.

(2) The weight of the evidence against the person–the Indictment establishes probable cause for the offense. *Hazime,* 762 F.2d at 37. The indictment alleges that on or about December 16, 2013, Defendant was found to have in his possession a .357 caliber Smith & Wesson handgun leading to his arrest. The

indictment also alleges that the Defendant was a convicted felon at the time of this arrest.

(3) The history and characteristics of the person–there is a history of criminal matters dating back to 1995. In 2000, the Defendant was charged with Assault with the intent to commit Robbery. The Defendant has various charges of possession of a controlled substance as well as a few outstanding warrants. Most recently, in 2013, a warrant was issued for the Defendant on the charge of felony robbery.

(4) The nature and seriousness of the danger posed by the person's release–Logan was arrested for being in possession of a firearm, a .357 caliber Smith & Wesson handgun. A review of Defendant's criminal history shows various drug offenses, traffic offenses. He also has a prior conviction of assault with the intent to commit robbery.

(5) As to risk of flight–The Court does not deem Defendant Logan to be a risk of flight as there are no indications that based on his prior criminal history he has failed to appear at any court proceedings, except those for traffic offenses. Defendant has various warrants. It appears that Defendant has ties to the community. He has a sister with whom he lived with previously. He also has a girlfriend who has agreed to let him live with her until his sentencing which is currently set for September 18, 2014. Defendant has also accepted responsibility

for his actions and entered a guilty plea in this matter.  Defendant alleges to have completed his state term of detention.  There is no indication that the Defendant is unable to follow this Court's orders regarding any bond conditions that this Court may set pending sentencing.

Weighing the factors with information privy to the Court at this time, there is a combination of conditions that will reasonably assure that Defendant appears for his sentencing as well as protect the safety of others.  The Court orders that Defendant Logan be released on bond with the conditions that he be set-up with a tethered monitoring system and live with his girlfriend pending sentencing in this case.

**IT IS ORDERED** that Defendant's Motion for Bond **[Docket No. 10, filed May 22, 2014]** is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant remains on an electronic tethered monitoring system at the apartment of his girlfriend until sentencing.  The Court will allow Defendant time outside of the apartment (4-5 hours per day or as pretrial services deems acceptable) to seek employment and clear up any outstanding warrants that he may have.  Defendant's release on bond with tethered monitoring is contingent on the Pretrial Services Department's interview of

Defendant's girlfriend and determination that the apartment is an appropriate location for Plaintiff to reside until sentencing.

**IT IS SO ORDERED.**

                              S/Denise Page Hood
                              Denise Page Hood
                              United States District Judge

Dated:  June 10, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 10, 2014, by electronic and/or ordinary mail.

                              S/LaShawn R. Saulsberry
                              Case Manager